UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITIBANK, N.A., | ) Case No. 1:24-cv-08064 |
| Plaintiff, | ) |
| | ) Judge Martha M. Pacold |
| v. | ) |
| KEITH MICHAEL CYZEN, | ) |
| Defendant. | ) |

**MOTION FOR ENTRY OF JUDGMENT PURSUANT TO FED. R. CIV. P. 55(B)**

Plaintiff Citibank, N.A. ("Citibank" or "Plaintiff"), by and through its attorneys, Ballard Spahr LLP, hereby moves for an entry of judgment against Defendant Keith Michael Cyzen, Esq. ("Cyzen" or "Defendant") for pursuant to Federal Rule of Civil Procedure 55(b), Local Rule 5.3, and Judge Pacold's procedures. In support of this Motion, Plaintiff states as follows:

1. Citibank filed its Complaint against Cyzen On September 5, 2024. (*See* ECF No. 1.)

2. Citibank attempted to serve Cyzen personally beginning on September 6, 2024, and continuing through September 17, 2024, but was unable to effect service.

3. Citibank mailed Cyzen a request for waiver of service pursuant to Federal Rule of Civil Procedure 4(d) on September 20, 2024.

4. Cyzen waived service of the Complaint on November 7, 2024. (*See* ECF No. 8.)

5. Pursuant to Federal Rule of Civil Procedure 4(d)(3), Cyzen had until November 19, 2024, to serve an answer or otherwise respond to the Complaint.

6. As a courtesy to Cyzen, Citibank moved on November 18, 2024, on Cyzen's behalf, to allow Cyzen an extension of time to answer or otherwise respond. (*See* ECF No. 10.)

7. The Court granted Citibank's motion and extended Cyzen's deadline to answer or otherwise respond to Citibank's Complaint to December 19, 2024. (*See* ECF No. 11).

8. Cyzen filed a voluntary petition for bankruptcy relief in the U.S Bankruptcy Court

for the Northern District of Illinois on January 14, 2025. (*See* ECF No. 17).

9. Accordingly, this Court stayed the above captioned matter pursuant to 11 U.S.C. § 362(a). (*See* ECF 18).

10. Cyzen's bankruptcy case was dismissed on June 25, 2025, and the bankruptcy Court ordered that Cyzen is "barred from filing a bankruptcy case in any jurisdiction in the United States before June 2, 2026." (*See* ECF No. 19).

11. Afterwards, this above-captioned matter was reopened on September 2, 2025. (*See* ECF No. 20).

12. On September 30, 2025, Plaintiff filed a motion styled as *Motion for Default Judgment* (the "Default Motion") seeking entry of default against Cyzen pursuant to Federal Rule of Civil Procedure 55(a), which provides that '[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." (ECF No. 22.)

13. In support of Default Motion, Citibank submitted an *Affidavit in Support of Request for Entry of Default* (the "Nelson Affidavit"). (ECF No. 23). The Nelson Affidavit is incorporated as if set forth herein by reference.

14. After a telephonic hearing, the Court entered default against Cyzen via a minutes text order, wherein the Court ordered:

> Plaintiff's motion … seeking the entry of default under Rule 55(a) … is granted for the reasons stated on the record. Pursuant to Rule 55(a), the court hereby enters default against Keith M. Cyzen for failure to timely plead or otherwise defend this action.

(ECF No. 25).

15. The Court further ordered that any "deadline to file any motions prior to the next hearing is set for 11/13/2025." (*Id*).

16. Federal Rule of Civil Procedure 55 provides, in relevant part:

(b) Entering a Default Judgment.

(1) *By the Clerk*. If the plaintiff's claim is for a sum certain or a sum

#4911-6984-3066 v1

2

> that can be made certain by computation, the clerk—on plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b).

17. In further support this Motion, Citibank submits the accompanying *Affidavit of Outstanding Amount Due and Owing* which provides a calculation of the sum certain required by Rule 55(b) as of November 7, 2025. As described in the accompanying affidavit, as of November 7, 2025, the amount Cyzen owes to Citibank is **$246,022.66**, with *per diem* interest continuing to accrue at the rate of $30.68493 per day, plus additional fees and costs accrued thereafter.

**WHEREFORE**, the above premises being considered, Plaintiff Citibank, N.A. respectfully requests entry of judgment against Defendant Keith Michael Cyzen in favor of Citibank in the amount of **$246,022.66**, as of November 7, 2025, with *per diem* interest continuing to accrue at the rate of $30.68493, plus additional fees and costs accrued thereafter.

Date: November 13, 2025

Respectfully submitted,

*/s/ Charles E. Nelson*
Caryn Borg-Breen (ARDC No. 6289099)
borgbreenc@ballardspahr.com
Charles E. Nelson (*pro hac vice*)
nelsonc@ballardspahr.com
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215.665.8500
Facsimile: 215.864.8999

*Attorneys for Plaintiff, Citibank, N.A.*